UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DOUGLAS ODISHO**,

Plaintiff,

v.                                                      Case No.:

Hon.

**CITY OF WARREN**, a municipal
corporation, and WARREN
POLICE OFFICERS **DANIEL
TOTH**, **ROBERT HAMILLA**,
and **JAMES REBIDAS,** acting in
their respective individual
capacities, all jointly and severally,

Defendants.

| | |
|---|---|
| Robert Burton-Harris (P81843) <br> BURTON-HARRIS LAW, PLC <br> *Attorney for Plaintiff* <br> 24100 Southfield Rd., Suite 200 <br> Southfield, MI 48075 <br> Office: (734) 808-4101 <br> Cell: (734) 548-5148 <br> Fax: (734) 999-0452 <br> Email: Robert@BurtonHarrisLaw.com | |

## COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL

There is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence. However, Plaintiff was criminally charged and convicted of lesser included offenses stemming from the same transaction and occurrence underlying this civil action. That conviction is currently under review by the Michigan Court of Appeals (Case No.: 366845).

Plaintiff states:

## **JURISDICTION, VENUE, AND PARTIES**

1.  This action arises from civil rights violations under the First, Fifth, Fourth, and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978); Sections 3, 5, and 11 of Article I of the Michigan Constitution of 1963; and the common law of Michigan.

2.  Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).

3.  Supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367 as they arise from the same case and controversy.

4.  Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as most or all events giving rise to the claims herein occurred in the Eastern District of Michigan.

5.  Plaintiff is an individual and resident of Warren, MI.

6.  Defendant **City of Warren** ("Defendant City") is a municipal corporation duly organized and existing under the Constitution and laws of the State of Michigan. It is authorized by law to maintain and operate the Warren Police Department ("WPD"). By and through its agents, including but not limited to the Chief of Police, its supervisors, operating officers, and its final

2

policymakers, Defendant City, at all times relevant hereto, acting through its official policy makers, established, promulgated and implemented the policies, customs and practices, written and unwritten, of the WPD, with regard to investigating suspected crimes including municipal ordinance violations, training, supervision, and discipline of the employees of said department.

7.   Defendants **Daniel Toth**, **Robert Hamilla**, and **James Rebidas** (collectively, "**Defendant Officers**"), are police officers with the WPD. Upon information and belief, they are residents of Macomb County, Michigan, and at all relevant times were employed by the City of Warren and acting pursuant to their authority on WPD's behalf. They are sued in their individual capacities, jointly and severally.

8.   When the events alleged in this complaint occurred, Defendants were acting either within the scope of their employment and/or under color of law.

9.   At all material times, Defendant City employed WPD officers and is liable for their acts. Defendant City is also liable because of its policies, practices, and customs, which led to this complaint of violation.

## GENERAL ALLEGATIONS

10. Plaintiff and his family are known to Defendant Officers. Plaintiff's kids are autistic and have frequently requested emergency services for non-emergencies such as being denied their preferred meals.

11. Plaintiff and his wife have voluntarily met with supervisors at the WPD and provided them with the full context of their children's special needs and their personal contact information (cell and work phone numbers) in case the WPD needed to verify the legitimacy of any request for service originating from their address.

12. The WPD, on various occasions, has utilized Plaintiff's personal contact information when they've received calls for service from Plaintiff's address.

13. On July 12, 2020, Defendant Officers were dispatched to Plaintiff's address after receiving a call from Plaintiff's child that his "[parents] were arguing".

14. Defendant Officers did not contact Plaintiff or his wife before arriving at their home.

15. Upon arrival, Defendant Officers observed Plaintiff, his wife, and their child outside their home. Defendant Officers did not witness Plaintiff or any of his family committing any crimes.

16. Defendant Officers spoke with Plaintiff and his wife.

17. Plaintiff's wife explained that there was no emergency and no crimes had been committed by anyone.

18.    Defendant Officers spoke to Plaintiff but accused him of wrongdoing which caused him to ask the Defendant Officers to leave his property.

19.    Defendant Officers refused to leave and became more aggressive insisting that they had a "legal right to be [at Plaintiff's home]".

20.     Plaintiff refused to answer further questions from Defendant Officers by invoking his Fifth Amendment rights.

21.    Defendant Officers grew more hostile and threatened Plaintiff with arrest.

22.    Plaintiff questioned the basis of their threats to arrest him, referenced the well-known "George Floyd" video, and called for witnesses to begin recording Defendant Officers' actions and statements.

23.    Without warning or provocation, Defendant Officers attacked, assaulted, and pummeled Plaintiff by, including but not limited to, repeatedly punching him in the face, spraying his eyes with "pepper spray" from less than 6 inches away, choking him, throwing him to the ground, intentionally slamming his head on the ground, and tossing him into a police car.

    

24.   As Plaintiff was being taken to Defendant Officers' police car, he was again assaulted without warning or provocation.

25.   Defendant Officers subsequently submitted incident reports that were contrary to audio and video recordings that captured portions of their conduct and interactions with Plaintiff and his family.

26.   Plaintiff was subsequently charged with three counts of Resisting/Obstructing/Assaulting an Officer Causing Injury (MCL 750.81(d)(2)) and Malicious Destruction of Police Property (MCL 750. 377(b)).

27.   On April 20, 2023, a jury found Plaintiff guilty of three (lesser included) charges of Resisting/Obstructing an Arrest (MCL 750. 81(d)(1)). Plaintiff was acquitted of Malicious Destruction of Police Property.[1]

28.   Defendant Officers' actions were motivated by retaliation against Plaintiff for exercising his First and Fifth Amendment rights and in retaliation for citing the George Floyd incident.

29.   The above-described violations of Plaintiff's constitutional rights are a direct result of Defendant City's policy, practice, and custom of authorizing WPD

---

[1] On June 12, 2023, Plaintiff filed his Claim of Appeal for the Michigan Court of Appeals to review his conviction (COA Case No.: 366845).

to use excessive force against citizens who assert their constitutionally protected rights.

30. Defendant City has failed to train its officers in constitutional responses to individuals' proper assertion of their First and Fifth Amendment rights.

31. Defendant City has failed to train its officers in the reasonable and constitutional use of force.

32.  Defendant City has failed to train its officers in constitutional responses to individuals' proper assertion of their First and Fifth Amendment rights.

33. Defendant City through its final-decision makers and WPD, have received ample notice that Defendant Officers are using excessive force violating citizen's First, Fourth, and Fifth, Amendment rights in the absence of probable cause or any imminent threat to safety.

34. Defendant City through its final-decision makers and WPD, have received ample notice that Defendant Officers are problematic by past incidents and lawsuits involving the same Defendant Officers for similar constitutional violations.

35. Despite Defendant Officers' past conduct, Defendant City continues to employ and send Defendant Officers into the community as police officers.

36. As a direct and proximate cause of the conduct described herein, Plaintiff has been denied his constitutional, statutory, and legal rights as stated herein, and

have suffered general and special damages, including but not limited to, physical injuries and bodily harm, pain, fear, humiliation, embarrassment, discomfort, anxiety, mental and emotional distress, and other damages in an amount according to proof.

37. Defendants' acts were willful, wanton, malicious, and oppressive, and done with conscious or reckless disregard for Plaintiff's rights.

38. The purpose and effect of the excessive force and unconstitutional conduct described herein has been to restrict, frustrate, and deter citizens from exercising their rights under the First, Fourth, Fifth, and Fourteenth Amendment to the United States Constitution to exercise freedom of speech, to remain silent and not self- incriminate, to be free from unwarranted searches and seizures by the government, and to be secure at their homes.

**Count I**
**Fourth/Fourteenth Amendment to the United States Constitution: Arrests Without Probable Cause**
**42 U.S.C. § 1983**
**(as to Defendant Officers)**

39. Plaintiff incorporates all preceding paragraphs by reference.

40. At all relevant times, Defendant Officers have acted—and continue to act—under color of state law.

41. Defendant Officers detained, seized, handcuffed, arrested, and searched Plaintiff's persons despite the lack of any individualized probable cause or reasonable suspicion that Plaintiff committed any arrestable offense.

42. Plaintiff did not consent to his arrest.

43. Defendant Officers acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

44. The constitutional rights that Defendant Officers violated were clearly established at the time that the violations occurred and any reasonable individual in the position of Defendant Officers would have understood that their conduct violated Plaintiff's constitutional rights.

45. Defendant Officers are therefore not entitled to qualified immunity.

46. As a direct and proximate result of Defendants Officers' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

## Count II
**Article I, Section 11 of the Michigan Constitution of 1963: Unreasonable, Excessive, and Arbitrary Force
(as to Defendant Officers)**

47. Plaintiff incorporates all preceding paragraphs by reference.

48.    At all relevant times, Defendant Officers have acted—and continue to act— under color of state law.

49.    The conduct of Defendant Officers violated Plaintiff's clearly established rights pursuant to Article I, Section 11 of the Michigan Constitution of 1963 to be free from unreasonable, excessive, and arbitrary force under color of law.

50.    The arbitrary use of force by Defendant Officers against Plaintiff was excessive and objectively unreasonable, in direct violation of Plaintiff's rights under Article I, Section 11.

51.    Defendant Officers acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

52.    The constitutional rights that Defendant Officers violated were clearly established at the time that the violations occurred and any reasonable individual in the position of Defendant Officers would have understood that their conduct violated Plaintiff's constitutional rights.

53.    Defendant Officers are therefore not entitled to qualified immunity.

54.    As a direct and proximate result of Defendants Officers' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil

rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

**Count III**
**Fourth Amendment to the United States Constitution: Unreasonable and Excessive Force**
**42 U.S.C. § 1983**
**(as to Defendant Officers)**

27.    All proceeding paragraphs by reference.

28.    At all relevant times, Defendants have acted—and continue to act— under color of state law.

29.    Defendant Officers' above-described conduct violated Plaintiff's clearly established rights pursuant to the Fourth Amendment of the United States Constitution to be free from unreasonable, excessive, and arbitrary force and seizures under color of law.

30.    Defendant Officers acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

31.    The constitutional rights that Defendant Officers violated were clearly established at the time that the violations occurred and any reasonable individual in the position of Defendant Officers would have understood that their conduct violated Plaintiff's constitutional rights.

32.    Defendant Officers are therefore not entitled to qualified immunity.

33.   As a direct and proximate result of Defendants Officers' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

**Count IV**
**First Amendment to the United States Constitution: Free Speech**
**42 U.S.C. § 1983**
**(as to Defendant Officers)**

34.   All proceeding paragraphs by reference.

35.   At all relevant times, Defendants have acted—and continue to act— under color of state law.

36.   Defendant Officers' above-described conduct violated Plaintiff's rights to freedom of speech.

37.   Defendant Officers lacked probable cause to detain or arrest Plaintiff.

38.   Defendant Officers detained or arrested, searched,  and used unnecessary force against Plaintiff with retaliatory animus because he exercised his First Amendment rights and objected to Defendant Officers' conduct and statements.

39.   Defendant Officers acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

40.     The constitutional rights that Defendant Officers violated were clearly established at the time that the violations occurred and any reasonable individual in the position of Defendant Officers would have understood that their conduct violated Plaintiff's constitutional rights.

41.     Defendant Officers are therefore not entitled to qualified immunity.

42.     As a direct and proximate result of Defendants Officers' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

**Count V**
**Fifth Amendment to the United States Constitution: Right to Remain Silent**
**42 U.S.C. § 1983**

43.     All proceeding paragraphs by reference.

44.     At all relevant times, Defendants have acted—and continue to act— under color of state law.

45.     Defendant Officers' above-described conduct right to remain silent when asked questions intended to elicit self-incriminating admissions.

46.     Defendant Officers detained or arrested, searched,  and used unnecessary force against Plaintiff with retaliatory animus because he exercised his right

to remain silent when asked questions that Defendant Officers knew or should have known could elicit self-incriminating responses.

47. Defendant Officers acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

48. The constitutional rights that Defendant Officers violated were clearly established at the time that the violations occurred and any reasonable individual in the position of Defendant Officers would have understood that their conduct violated Plaintiff's constitutional rights.

49. Defendant Officers are therefore not entitled to qualified immunity.

50. As a direct and proximate result of Defendants Officers' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

**Count VI**
**42 U.S.C. § 1981 – Retaliation**
**(as to all Defendants)**

51. All proceeding paragraphs by reference.

52. At all relevant times, Defendants have acted—and continue to act— under color of state law.

53.   Plaintiff engaged in activity protected by 42 U.S.C. § 1981 when he requested help from witnesses, mentioned George Floyd, declined to make incriminating statements, and objected to Defendant Officers' actions, accusations, and use of force.

54.   Defendant, both individually and pursuant to the customs, policies and/or practices of Defendants City, retaliated against Plaintiff by utilizing the unreasonable force and unlawful arrest described herein.

55.   Defendant Officers acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

56.   The constitutional rights that Defendant Officers violated were clearly established at the time that the violations occurred and any reasonable individual in the position of Defendant Officers would have understood that their conduct violated Plaintiff's constitutional rights.

57.   Defendant Officers are therefore not entitled to qualified immunity.

58.   As a direct and proximate result of Defendants Officers' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

**Count VII**

**Intentional Infliction of Emotional Distress**
**(as to Defendant Officers)**

59.    All proceeding paragraphs by reference.

60.    At all relevant times, Defendants have acted—and continue to act— under color of state law and in the course and scope of their employment by Defendant City.

61.    Defendant Officers intended to cause, and did cause, emotional distress, and acted intentionally in that they intended to inflict emotional distress or should have been substantially certain that emotional distress would result from their conduct.

62.    As a direct and proximate result of Defendants Officers' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

**Count VIII**
***Monell* Liablity**
**42 U.S.C. 1983**

63.    All proceeding paragraphs are incorporated by reference.

64.    At all relevant times, Defendant City, through its police department, supervisors, and/or policymakers, established and/or maintained the following customs, usages, policies, and/or practices:

    a. Failure to supervise and/or discipline law enforcement officers and dispatch operators, including but not limited to the individually named Defendant employees herein, with regard to the fabrication and/or falsification of information and documentation during the course of an investigation while, at all times, knowing that this lack of supervision and discipline would likely promote the use of illegally obtained information; and

    b. Condoning, approving, ratifying, and acquiescing in known unconstitutional conduct, and known patterns of unconstitutional conduct, undertaken by its officers and supervisors, thereby adopting said conduct as policy of the WPD and Defendant City.

65.    Due to the aforementioned failures of Defendant City, WPD employees including Defendant Officers knew that there would be no reprisals, discipline, termination, criticism, or otherwise thereby guaranteeing the continuation of such unconstitutional conduct.

66.    Each of the aforementioned policies, customs, and/or practices (i.e., the failures to train, supervise, and/or discipline the individually named

Defendant Officers) was known to Defendant City, as being highly likely and probable to cause violations of the constitutional rights of members of the public including Plaintiff.

67. The conduct of the individually named Defendant Officers herein was committed pursuant to the customs, policies, and/or practices of Defendant City.

68. Each such custom, policy, and/or practice referenced above was a moving force in the violations of Plaintiff's constitutional rights, as set forth herein.

69. As a direct and proximate result of Defendants Officers' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request this Court to:

A. Declare that the aforementioned practices of Defendants constitute unlawful violations of Plaintiff's constitutional and statutory rights;

B. Award Plaintiff general and compensatory damages;

C. Award Plaintiff punitive damages;

D. Award Plaintiff reasonable attorneys' fees, costs, and interests pursuant to 42 U.S.C. § 1988; and

E. Award such other and further relief as the Court deems just and proper.

Respectfully Submitted,

BY: /s/ *Robert Burton-Harris*
Robert Burton-Harris (P81843)
BURTON-HARRIS LAW, PLC
*Attorney for Plaintiff*
24100 Southfield Rd., Suite 200
Southfield, MI 48075
Office: (734) 808-4101
Cell: (734) 548-5148
Fax: (734) 999-0452
Robert@BurtonHarrisLaw.com

Dated: July 12, 2023

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DOUGLAS ODISHO**,

Plaintiff,

v.                                          Case No.:

Hon.

**CITY OF WARREN**, a municipal
corporation, and WARREN
POLICE OFFICERS **DANIEL
TOTH**, **ROBERT HAMILLA**,
and **JAMES REBIDAS**, acting in
their respective individual
capacities, all jointly and severally,

Defendants.

| | |
|---|---|
| Robert Burton-Harris (P81843)<br>BURTON-HARRIS LAW, PLC<br>*Attorney for Plaintiff*<br>24100 Southfield Rd., Suite 200<br>Southfield, MI 48075<br>Office: (734) 808-4101<br>Cell: (734) 548-5148<br>Fax: (734) 999-0452<br>Email: Robert@BurtonHarrisLaw.com | |

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Douglas Odisho hereby demands a trial by jury in the above-captioned

cause of action on all issues so triable.

Respectfully Submitted,

20

BY: /s/ *Robert Burton-Harris*
Robert Burton-Harris (P81843)
BURTON-HARRIS LAW, PLC
*Attorney for Plaintiff*
24100 Southfield Rd., Suite 200
Southfield, MI 48075
Office: (734) 808-4101
Cell: (734) 548-5148
Fax: (734) 999-0452
Robert@BurtonHarrisLaw.com

Dated: July 12, 2023